# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CAPITOL WHOLESALE FENCE CO., | ) |
| | ) |
| Plaintiff, | ) Case No. 3:13-cv-00521 |
| | ) Judge Trauger |
| v. | ) |
| | ) |
| LUMBER ONE WOOD PRESERVING, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the court is a Motion for Judgment on the Pleadings (Docket No. 31) filed by the defendant, Lumber One Wood Preserving, LLC ("Lumber One"), to which the plaintiff, Capitol Wholesale Fence Co., Inc. ("Capitol Fence") has filed a Response in opposition (Docket No. 36), and the defendant has filed a Reply (Docket No. 40). Having reviewed the parties' submissions concerning the motion, the court has determined *sua sponte* that, because of substantially similar pending lawsuits in Tennessee state court, it may be appropriate to stay this action pursuant to the abstention doctrine articulated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). For the reasons explained herein, the court will order the parties to show cause why this case should not be stayed pursuant to the *Colorado River* abstention doctrine.

## BACKGROUND

This lawsuit involves a dispute between a wholesale fence supplies company and its supplier, a lumber manufacturer. The action was spurred by pending state court actions filed by individual consumers of fence materials against fence resellers and arises out of allegations of defective lumber products used in outdoor fencing. The resellers (who are defendants in the state actions) are customers of Capitol Fence. In the two pending Tennessee state court actions, the

1

resellers have filed third-party complaints against Capitol Fence and Lumber One arising out of their purchases of the fence posts allegedly manufactured by Lumber One and distributed by Capitol Fence.[1]

In short, this federal court action, which has been styled as a class action, appears to be a suit for indemnification filed by Capitol Fence, a wholesaler, against its supplier related to the pending state court litigations described here, as well as anticipated future litigation.

## I. Factual Allegations of the Amended Complaint

Capitol Fence is a wholesale distributor of fencing materials. Lumber One is a "remanufacturing" facility that produces pressure-treated lumber products. From 2008 to 2012, Lumber One was the exclusive supplier of certain pressure-treated posts to Capitol Fence. According to the Amended Complaint, Lumber One represented to Capitol Fence and other distributors, wholesale purchasers, resellers, and consumers that its lumber was pressure treated with the "Micronized Copper Azole" process. Capitol Fence alleges that Lumber One knew that Capitol Fence was using its product for use in constructing outdoor fences. Capitol Fence further alleges that, upon information and belief, all of the lumber manufactured and distributed by Lumber One during the relevant period, including 35,000 posts that Capitol Fence purchased, was defective due to being improperly treated or not treated at all. As a result of Lumber One's failure to treat the wood properly, Capitol Fence alleges that the lumber products have prematurely rotted and decayed. According to the Amended Complaint, Capitol Fence

---

[1] In support of its Motion for Judgment on the Pleadings, Lumber One has filed the Third-Party Complaints from the two pending actions. (Docket No. 39, Exs. 1-2.) The court has also obtained Capitol Fence's Answer to a Third-Party Complaint filed in one of the state court actions. It is well-settled that federal courts may take judicial notice of proceedings in other courts of record. *See Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

"discovered the defect after customers to whom it had sold the posts sued [it] for damages alleging that the posts were rotting prematurely." (Docket No. 9 at ¶ 14.)

## II.     Procedural Background

Capitol Fence originally filed this action on May 29, 2013. (Docket No. 1.) On August 9, 2013, Capitol Fence filed a Motion for Class Certification (Docket No. 8) and an Amended Class Action Complaint against Lumber One (Docket No. 9). The Amended Complaint alleges claims on behalf of a class that Capitol Fence describes as "[a]ll persons and entities residing in the United States who purchased Lumber One's defectively treated lumber," with some exclusions. Capitol Fence alleges a variety of claims, including: (1) revocation of acceptance; (2) misrepresentation in violation of the Tennessee Consumer Protection Act ("TCPA"), T.C.A. § 47-18-104(b)(7); (3) breach of express warranty; (4) breach of the implied warranty of merchantability; (5) breach of the implied warranty of fitness; (6) negligent misrepresentation; and (7) common law negligence.

Lumber One answered the Amended Complaint on September 25, 2013. (Docket No. 17). On September 26, 2013, after the initial case management conference, the court issued an Order postponing consideration of the Motion for Class Certification because of the anticipated addition of parties to the action. (Docket No. 18.) On January 28, 2014, Lumber One filed an Amended Answer to the Amended Complaint. (Docket No. 22.)

On June 10, 2014, Lumber One filed the pending Motion for Judgment on the Pleadings. (Docket No. 30.) Capitol Fence opposed Lumber One's motion on July 1, 2014. (Docket No. 37.) Lumber One filed its Reply on July 25, 2014. (Docket No. 40.)

## ANALYSIS

The Supreme Court has explained that, despite the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts. *Colorado River*, 424 U.S. at 817. The Sixth Circuit has elaborated that the "principles underlying this doctrine 'rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (quoting *Colorado River*, 424 U.S. at 817).

The *Colorado River* analysis is composed of two parts: first, the court must determine that the concurrent state and federal actions are actually parallel; and second, the court must weigh several factors identified by the Supreme Court in *Colorado River*. *Romine*, 160 F.3d at 339. "Exact parallelism" is not required; it is enough if the two proceedings are substantially similar. *Id.* The Supreme Court has explained that a stay should only be granted where it would allow for a "quick and prompt resolution between the parties," such that the federal court "will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-26 (1983).

For the cases to be considered parallel, "substantially the same parties must be contemporaneously litigating substantially the same issues," and "the critical question is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011). "If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues before the parties, it would be a serious abuse of discretion for the

district court to stay or dismiss a case in deference to the parallel litigation." *Chellman-Shelton v. Glenn*, 197 F. App'x 392, 394 (6th Cir. 2006).

Where the court has made a determination that a state court case and federal case are substantially similar, courts must then consider a variety of factors to determine whether a stay is appropriate. The Supreme Court has articulated eight factors for consideration:

> (1) whether the state court has assumed jurisdiction over any *res* or property;
> (2) whether the federal forum is less convenient to the parties;
> (3) avoidance of piecemeal litigation;
> (4) the order in which jurisdiction was obtained;
> (5) whether the source of governing law is state or federal;
> (6) the adequacy of the state court action to protect the federal plaintiff's rights;
> (7) the relative progress of the state and federal proceedings; and
> (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818-19.

Here, Capitol Fence has admitted that its class action is, in essence, a suit for indemnification related to two pending Tennessee state court cases. In the state court actions, individual consumers have filed claims against two different fence resellers. Both reseller-defendants are customers of Capitol Fence and, through Capitol Fence's exclusive relationship with Lumber One, also customers of Lumber One. The reseller-defendants have each filed third-party complaints against Capitol Fence and Lumber One, alleging claims including the negligence of both defendants, as well as a variety of other Tennessee law claims, which are substantially similar to the claims asserted in Capitol One's Amended Complaint here.[2]

---

[2] For instance, in *Thornton v. Watters*, an action pending in the Circuit Court for Williamson County, Tennessee, third-party plaintiff/defendant Watters alleges negligence on the part of Lumber One and Capitol Fence as to the treatment of the fence posts and subsequent sale by Capitol Fence. Watters also alleges a number of contract claims against Capitol Fence. In *Davis*

5

The court recognizes that the parties have already devoted significant resources to this case. However, it would not be in the interest of judicial economy—nor would it benefit the parties—for this case to proceed further in this court, when piecemeal adjudication could be avoided by staying this action pending resolution of the two state actions. Here, the two pending state cases appear to involve nearly identical allegations regarding Lumber One's liability, and the state court third-party plaintiffs' claims arise under the same Tennessee statutes and common law cited by Capitol Fence here. Moreover, Capitol Fence and Lumber One are defendants in the state actions, and the original and third-party plaintiffs are "resellers" and individual consumers of Lumber One's fence posts—parties that are included in Capitol Fence's alleged class of plaintiffs in this action. Finally, although it is unclear from the record before the court whether Capitol Fence has, in fact, filed a cross-complaint for indemnification against Lumber One in the pending state actions, in at least one of the cases, Capitol Fence has alleged as an affirmative defense the "intervening or superseding" action or inaction of "other parties"—presumably, Lumber One. *See* Answer of Third-Party Defendant Capitol Wholesale Fence, Inc. to Amended Third Party Complaint, *Thompson v. Watters v. Capitol Wholesale Fence, Inc. and Lumber One Co., Inc.*, Civil Action No. 2011-428 (filed January 5, 2012). Therefore, it is reasonable to infer that a resolution of issues present in the state court actions, like Capitol Fence's affirmative defense, may indeed dispose of Capitol Fence's claims here.

---

*v. Clean Cut Fence Co., Inc.*, third-party plaintiff/defendant Clean Cut Fence Co., Inc. alleges a variety of claims against both Lumber One and Capitol Fence—claims that are substantially similar to the claims alleged here, including (1) a claim under the TCPA for misrepresentation of goods or services; (2) a claim for breach of express warranty in violation of T.C.A. § 47-2-313; (3) a claim for breach of the implied warranty of merchantability in violation of T.C.A. § 47-2-314; (4) a claim for breach of the implied warranty of fitness for a particular purpose in violation of T.C.A. § 47-2-315; (5) a common law claim for negligent misrepresentation; and (6) a claim for common law negligence.

Accordingly, the circumstances here indicate that, based on factors articulated by the Supreme Court, it is at least possible—if not likely—that the pending Tennessee actions are parallel and that the *Colorado River* factors favor abstention. Accordingly, the court will order the parties to show cause as to why this case should not be stayed pending adjudication of the pending actions in the Circuit Courts for Williamson County and Wilson County.

## **CONCLUSION**

For the reasons stated herein, the parties are **ORDERED TO SHOW CAUSE** by January 12, 2015 as to why this case should not be stayed pending adjudication of the Tennessee state actions pursuant to the *Colorado River* abstention doctrine.

It is so **ORDERED**.

Enter this 22nd day of December 2014.

ALETA A. TRAUGER
United States District Judge